

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-20-00209-CR

JOHNNY FLORES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 106th District Court
Lynn County, Texas
Trial Court No. 17,3232, Honorable Carter T. Schildknecht, Presiding

September 22, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Johnny Flores appeals his conviction for causing serious bodily injury to an elderly person, his father. The sole issue before us concerns whether the evidence was legally sufficient to support the conviction. Flores does not contest that he assaulted his father and caused him bodily injury. Rather, he argues that the evidence was insufficient to prove beyond reasonable doubt that his victim suffered serious bodily injury. We affirm.

The opinion in *Hammack v. State*, 622 S.W.3d 910 (Tex. Crim. App. 2021), discusses the pertinent standard of review. We apply it here.

Next, one commits the offense in question when he intentionally, knowingly, or recklessly causes serious bodily injury to an elderly individual by act or omission. TEX. PENAL CODE ANN. § 22.04(a)(1). Furthermore, "serious bodily injury" means bodily injury creating a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ. *Id.* § 1.07(a)(46).

Here, the record contains evidence that the beating appellant inflicted upon his father left the 69-year-old man with bleeding from his mouth, bruising, a hematoma on the right part of his head, bruising to his right eye and right jaw, bruising under his left eye, and a brain hemorrhage or bleeding within the brain. When the state's medical expert was asked, "by definition, is a bleed inside the brain a serious bodily injury," the physician answered, "yes." That the hemorrhage may be small did not affect the seriousness the injury posed, as explained by the doctor. They have to be taken seriously because "you could have a small petechial bleed that becomes devastating that kills somebody," according to the medical professional.

The physician's categorization of a brain hemorrhage as "serious bodily injury," the risk of death posed by even a small intercranial bleed, and the other evidence alluded above comprises some evidence upon which a rational juror could conclude, beyond reasonable doubt, that appellant caused his father serious bodily injury as a result of beating him. Accordingly, we overrule appellant's issue and affirm the judgment of the trial court.

Per Curiam

Do not publish.

2